IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DERICK WEWERKA, Register No. 1036447,  )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )   No. 08-4082-CV-C-SOW
                                        )
C.O. GRYGLEWSKI, et al.,                )
                                        )
                    Defendants.         )

**REPORT, RECOMMENDATION AND ORDER**

On August 19, 2008, defendants Lewis, Pridgeon, Gryglewski and Hovis filed a partial motion to dismiss or, in the alternative, motion for judgment on the pleadings. Defendants seek to dismiss plaintiff's official capacity claims, and claims of denial of medical care and related allegations of failure to transfer plaintiff to another facility based on his mental health condition.[1]

Rule 8(a)(2), Federal Rules of Civil Procedure, requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure, when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Personal involvement is required to support a claim under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights). Plaintiff does not allege that defendants Lewis, Pridgeon, Gryglewski and Hovis were members of the medical staff, or were personally involved in making medical determinations as to plaintiff's medical care or his alleged denial of transfer to another facility despite his alleged mental health condition. Therefore, these claims against defendants Lewis, Pridgeon, Gryglewski and Hovis should be dismissed for failure to state a claim.

Further, as set forth in defendants' motion to dismiss, plaintiff's official capacity claims against these defendants also fail to state a claim. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

Based on the forgoing, defendants' partial motion to dismiss should be granted and their alternative motion for judgment on the pleadings should be denied, without prejudice to reconsideration if the recommendation to grant their motion to dismiss is not adopted.

On July 17, 2008, defendant Hovis filed a motion to dismiss plaintiff's claims against him for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e and for failure to state a claim.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the

2

plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

A review of defendant Hovis' motion, plaintiff's suggestions in opposition, and the grievance documents submitted, clearly shows plaintiff did not exhaust his administrative remedies on his claims that defendant Hovis violated plaintiff's constitutional rights when Hovis assigned plaintiff a different cell-mate following allegations that plaintiff's then cell-mate had raped him. Plaintiff's allegations that Hovis knew or should have known that plaintiff would be raped by his new cell-mate, and/or didn't properly follow prison policy with regard to cell transfers upon allegations of rape, were not grieved by plaintiff. Rather, plaintiff's grievances alleged that the investigator assigned to investigate plaintiff's allegations of being raped twice was not doing his job. Plaintiff's grievances make no reference to Hovis or his alleged role in plaintiff being raped a second time. Hovis' motion to dismiss for failure to exhaust administrative remedies should, therefore, be granted, and plaintiff's claims against defendant Hovis dismissed, without prejudice. Hovis' argument of failure to state a claim need not be addressed at this time in light of mandatory dismissal under section 1997e.

On November 10, 2008, plaintiff filed a motion for leave to amend his First Amended Complaint. Defendants have already filed a responsive pleading in this case; therefore, plaintiff may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(B)(2). The court is to grant such leave freely when justice so requires. Id.

Plaintiff's motion to amend seeks to name new defendants regarding new claims that he was denied medical care. Plaintiff alleges he was denied medical care when he was suffering chest pains on June 14, 2005, and June 3, 2006, and was denied his regular "psych-meds" on January 9 and 10, 2006, and again on March 6 and 8, 2006. These claims are unrelated to plaintiff's allegations in his original, supplemental and first amended complaints, which allege

3

plaintiff was sexually assaulted by corrections officers; that corrections officers failed to prevent him from being raped by another inmate; that corrections officers used excessive force and fractured his left shoulder; and that he was denied meaningful medical treatment for his fractured shoulder. Upon review of plaintiff's motion, this court finds that plaintiff has already been given the opportunity to supplement and amend his complaint, and at this stage in the proceedings, justice does not require this court to allow plaintiff to amend his complaint to add new claims and defendants. Plaintiff's motion should be denied.

On November 6, 2008, plaintiff filed a motion to name additional defendants to his case. Named as additional defendants were Crawford, Dormire, Bowersox and CMS (Correctional Medical Services). Plaintiff's motion failed to provide a basis for adding these defendants or set forth what his allegations were against these defendants. Plaintiff's reply suggestions in support of his motion to amend appear to assert that these defendants hold supervisory positions, and are ultimately responsible for his claims of denial of transfer to a prison for the mentally ill, and corrections officers' excessive use of force.

As discussed above, in consideration of plaintiff's motion to amend, personal involvement is required to support a claim under 42 U.S.C. § 1983. Madewell v. Roberts, 909 F.2d at 1208. General responsibility to oversee operations of a prison is insufficient to establish the personal involvement required to support liability. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). A supervisor incurs liability for a constitutional violation only when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference. Id.

In the instant case, plaintiff's claims against defendants Crawford, Dormire, Bowersox, and CMS appear to be based on these defendants' role as supervisors over the operations at the prison. Plaintiff does not allege a personal connection on their part as to his claims contained in his original, supplemental or amended complaints.

Therefore, without specific allegations in his motion to amend, and based on an apparent assertion of supervisory responsibility in his reply in support, plaintiff's motion to amend to add defendants Crawford, Dormire, Bowersox, and CMS should be denied.

4

Plaintiff has filed numerous motions for extension of discovery. On January 16, 2009, defendants also filed a motion seeking extension of the scheduling order for the completion of discovery and the filing of dispositive motions.. Upon consideration,

IT IS ORDERED that discovery is extended until March 16, 2009, and dispositive motions are due on April 16, 2009. [42, 44, 54, 61] It is further

ORDERED that defendants' motion to substitute counsel is granted. [60] It is further

RECOMMENDED that plaintiff's motions to amend his complaint and to add defendants be denied. [46, 49] It is further

RECOMMENDED that defendant Hovis' motion to dismiss for failure to exhaust administrative remedies required by 42 U.S.C. § 1997e be granted and plaintiff's claims against defendant Hovis be dismissed, without prejudice. [14] It is further

RECOMMENDED that defendant Hovis' alternative motion to dismiss for failure to state a claim be denied, without prejudice to reconsideration if the recommendation to grant his motion to dismiss for failure to exhaust is not adopted. [14] It is further

RECOMMENDED that the partial motion of defendants Lewis, Pridgeon, Gryglewski and Hovis to dismiss plaintiff's official capacity claims, claims of denial of medical care, and related allegations of failure to transfer plaintiff to another facility based on his mental health condition be granted. [22] It is further

RECOMMENDED that defendants' alternative motion for judgment on the pleadings be denied, without prejudice to reconsideration if the recommendation to grant their motion to dismiss is not adopted. [22]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 29th day of January, 2009, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge